

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAHAD GOHAR,<br><br>　　　Petitioner,<br><br>　　v.<br><br><br>CHRISTOPHER J. LAROSE, et al.;<br><br>　　　Respondents. | Case No.:  3:26-cv-04109-BTM-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Fahad Gohar filed a petition for the writ of habeas corpus on July 17, 2026.  (ECF No. 1.)  Gohar contends that he arrived at the Otay Mesa Port of Entry on March 8, 2024, and was released into the country on humanitarian parole on May 19, 2024.  (*Id.* ¶ 21.)  While "attempting to cross to Canada on February 11, 2026," he was detained and has remained in detention since.  (*Id.* ¶ 3.)  Gohar's petition states that his continued detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act ("APA").  (*Id.* ¶¶ 35–50, 51–66.)  He requests that the Court order his release, or in the alternative, a bond hearing before an immigration judge ("IJ").  (*Id.* ¶¶ 4, 6, at 11–12.)  He also requests "costs and attorneys'

fees in this action pursuant to the Equal Access to Justice Act," 28 U.S.C. § 2412. (*Id.* ¶ 7, at 12.)

The Petitioner does not explain why he is entitled to release. His two Due Process claims and two APA claims challenge his detention without a bond hearing. (*Id.* ¶¶ 39, 47, 55, 65.) Although Gohar claims that he was granted humanitarian parole, he provides no paperwork or other evidence that demonstrates that he received parole. Furthermore, the record is unclear whether he terminated his humanitarian parole by entering Canada during his attempted border crossing. *See* 8 C.F.R. § 212.5(e)(1) ("Parole shall be automatically terminated without written notice . . . upon the departure from the United States of the alien . . . .") Based on the record, the Court cannot find that Gohar is entitled to release. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). The remedy of release without a bond hearing is denied without prejudice.

Following the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), the Government conceded that Gohar is "subject to detention under 8 U.S.C. § 1226(a)." (ECF No. 4, at 2.) The Government "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.*) Accordingly, the Court grants the Petitioner's request for a bond hearing.

On or before August 18, 2026, unless the Petitioner requests a continuance, the Government is ordered to grant the Petitioner an individualized bond hearing before a fair, neutral, and open-minded IJ. The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024),[1] and any other factors the IJ deems relevant in this particular case. *See*

---

[1] The nine factors include the following:

(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's

*also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006). The IJ must determine whether the Petitioner is a danger to the community or a flight risk for which there are no conditions available that will deter such risk. If the Petitioner shows by a preponderance of the evidence that he is neither a danger to the community nor a flight risk, the IJ must grant bond and order his release. *Rodriguez Vazquez*, 2026 WL 2196424, at *5 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to the Petitioner's counsel.

In conclusion, the petition for a writ of habeas corpus is **GRANTED IN PART**. The Government is ordered to grant Gohar an individualized bond hearing before a fair, neutral, and open-minded IJ in accordance with the requirements ordered above. The remedy of release without a bond hearing is **DENIED** without prejudice. The parties shall file a joint status report on the result of the bond hearing within forty-eight (48) hours of the bond hearing. If the Government fails to comply with this writ, the Petitioner can apply to this Court for relief. The Court retains jurisdiction to enforce the writ.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: August 4, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Martinez*, 124 F.4th at 783 (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006)).

26-cv-4109